CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 05 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE O'GARA GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:16CV00170 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UXB INTERNATIONAL, INC., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

On April 1, 2016, The O'Gara Group, Inc. ("O'Gara") was granted an arbitration award against UXB International, Inc. ("UXB"). O'Gara has filed an application for confirmation of the arbitration award and UXB has moved to vacate the award. For the following reasons, the court will deny UXB's motion and confirm the arbitration award.

### Background

O'Gara, an Ohio corporation, and UXB, a Virginia corporation based in Blacksburg, Virginia, were parties to Subcontract Agreement No: 12-024 (the "Subcontract"). Pursuant to the Subcontract, O'Gara, as subcontractor, agreed to provide qualified and properly-cleared personnel to furnish services in support of various UXB projects. The prime contract for the work had previously been awarded to UXB by the federal government.

The Subcontract contained an arbitration provision, which provided as follows:

> Claims, controversies or disputes between the parties that are not subject to the procedures of (b) above including without limitation, any claim, controversy, or dispute concerning any determination, negotiation, or agreement to be reached by the Parties under this Agreement (hereinafter, the "Dispute") shall be settled by mediation under the then current Center for Public Resources (hereinafter, "CPR") Institute for Dispute Resolution Mediation Procedure in effect on the date of this Agreement. Unless otherwise agreed, the Parties will select a mediator from the CPR Panels of Distinguished Neutrals. Any Dispute which remains

> unresolved thirty (30) days after the appointment of a mediator shall be settled by binding arbitration by a sole arbitrator in accordance with CPR Rules for Non-Administered Arbitration in effect on the date of this Agreement. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1-16 to the exclusion of state laws inconsistent therewith, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. The place of arbitration shall be Montgomery County, Virginia. The arbitrator is not empowered to award punitive damages or damages in excess of compensatory damages and each party irrevocably waives any right to recover such punitive damages or excess damages.

Subcontract § H-26.

On May 21, 2014, O'Gara sent UXB a demand letter alleging that the company owed O'Gara over $1,000,000 for unpaid services provided under the Subcontract. The parties' efforts to resolve the dispute through mediation were unsuccessful. Consequently, on July 29, 2015, O'Gara commenced an arbitration proceeding with the International Institute for Conflict Prevention and Resolution ("CPR"), pursuant to § H-26 of the Subcontract (the "Subcontract Arbitration").

In addition to the Subcontract, the parties entered into a separate contract for the purchase of ammunition by O'Gara from UXB (the "Ammunition Contract"). The Ammunition Contract also contained an arbitration provision, which required the parties to resolve "any disputes under the terms and conditions of [the Ammunition Contract] . . . through binding arbitration . . . in accordance with the rules of the American Arbitration Association." Ammunition Contract § 16. On October 22, 2015, UXB initiated a separate arbitration proceeding with the American Arbitration Association ("AAA") regarding a dispute arising from the Ammunition Contract.

On January 21, 2016, prior to an evidentiary hearing in the Subcontract Arbitration, UXB filed a prehearing brief indicating that it intended to seek the amount that O'Gara allegedly owed under the Ammunition Contract as a setoff against any amount that UXB was

found to owe O'Gara under the Subcontract. The requested setoff was based on § H-31 of the Subcontract, which permitted the "Contractor [to] set off against amounts payable to Subcontractor hereunder any claim or charge Contractor may have against Subcontractor." Subcontract § H-31.

On January 22, 2016, O'Gara moved to exclude all evidence related to the Ammunition Contract. O'Gara argued that the arbitration clause of the Subcontract only covered disputes arising under the Subcontract, and that disputes under the Ammunition Contract were subject to a separate arbitration provision, which required arbitration through the AAA. O'Gara further emphasized that the Ammunition Contract was already the subject of a separate arbitration proceeding before the AAA, and that the parties disputed what amounts, if any, were owed to whom under that agreement.

On January 25, 2016, the arbitrator assigned to the Subcontract Arbitration conducted a hearing on the issue via conference call. The following day, the arbitrator entered an order granting O'Gara's motion to exclude. The order provided that UXB "shall not be allowed to present evidence as an offset to, and/or reduction of, the claims of O'Gara under the Subcontract, to the extent the offset arises from alleged breaches by O'Gara in the conduct of the Ammunition Contract, which is the subject of a separate arbitration proceeding before the American Arbitration Association (AAA)." Case Management Order No. 3 at 4. In the order, the arbitrator noted that "counsel for both parties acknowledged that the Subcontract's offset provision does not, by its explicit terms, convey to the Tribunal jurisdiction over and upon an affirmative counterclaim asserted by UXB based on facts and claims outside the penumbra of the Subcontract scope of services." Id. at 3. The arbitrator ultimately concluded that "opening the instant arbitration to matters outside the Subcontract, even for an offset defense, could

3

potentially be determined to be beyond the scope of the arbitration provision within the Subcontract, depriving the Tribunal of jurisdiction . . . ." Id. at 4.

The arbitrator held an evidentiary hearing on January 26, 2016. He received further testimony on February 10, 2016. On April 1, 2016, the arbitrator awarded O'Gara $1,331,096.49 plus interest against UXB.

On April 7, 2016, O'Gara commenced this action by filing an application for confirmation of the arbitration award. On May 9, 2016, UXB moved to vacate the award on the basis that the arbitrator disregarded the law and exceeded his authority by "improperly exclud[ing] UXB's Ammo Claim under the Offset Clause." Def.'s Mot. to Vacate 10-11.

The court held a hearing via teleconference on July 19, 2016. The matter has been fully briefed and is ripe for review.

## Discussion

The court's authority to review an arbitration award is "substantially circumscribed." Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006). "In fact, the scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all -- the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Three S Delaware, Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (citation and internal quotation marks omitted). "In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act (the "FAA") or one of certain limited common law grounds." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010).

4

Case 7:16-cv-00170-GEC Document 19 Filed 08/05/16 Page 4 of 7 Pageid#: 307

The FAA provides four grounds on which an arbitration award may be vacated, including when an arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). In addition to the grounds specified in the FAA, "permissible common law grounds for vacating [an arbitration] award 'include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard for the law.'" MCI Constructors, 610 F.3d at 857 (quoting Patten, 441 F.3d at 234). Under Fourth Circuit precedent, "a manifest disregard of the law is established only where the arbitrator[] understands and correctly states the law, but proceeds to disregard the same." Patten, 441 F.3d 230, 235 (4th Cir. 2006) (citation and internal quotation marks omitted). The Fourth Circuit has made clear that merely misinterpreting contract language does not constitute a manifest disregard of the law. Id. An arbitrator may not, however, disregard the plain and unambiguous language of a contract. Id.

After reviewing the record and the parties' arguments, the court concludes that the arbitrator did not exceed his authority or manifestly disregard controlling law by refusing to consider UXB's claim for setoff. Although the Subcontract permitted UXB to "set off against amounts payable to [O'Gara] hereunder any claim or charge [UXB] may have against [O'Gara]," Subcontract § H-31, the claim that UXB sought to use as a setoff was based on an alleged breach of a separate agreement between the parties over which the AAA had arbitral authority. Under the CPR Rules for Non-Administered Arbitration in effect on the date of the Subcontract, the arbitrator had the power to determine the scope of the arbitration clause of the Subcontract and his own jurisdiction.* In disallowing UXB's claim for setoff, the arbitrator considered the

---

* See Rule 8.1 of the CPR Rules for Non-Administered Arbitration, effective November 1, 2007, available at http://www.cpradr.org/RulesCaseServices/CPRRules.aspx ("The Tribunal shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.").

5

applicable provisions of the Subcontract and the nature and origin of the claim. The arbitrator ultimately determined that his authority over "[c]laims, controversies or disputes between the parties . . . including . . . any claim, controversy, or dispute concerning any determination, negotiation, or agreement to be reached by the Parties under this Agreement" was not so expansive as to include a claim arising from the Ammunition Contract, which was the subject of a separate arbitration proceeding before a different arbitral body. Subcontract § H-26 (emphasis added).

The court is convinced that the arbitrator's decision was based on a plausible reading of the parties' contractual language, and thus that he did not exceed his authority under § 10(a)(4) or manifestly disregard the law. See Cent. W. Va. Energy, Inc. v. Bayer Cropscience LP, 645 F.3d 267, 277 (4th Cir. 2011) ("Our determination that the [arbitration panel] based its jurisdiction on a plausible reading of the parties' contractual language ends our inquiry under § 10(a)(4)."); Patten, 441 F.3d at 235 ("[A]n arbitrator has acted in manifest disregard of the law if he disregards or modifies unambiguous contract provisions.") (citation and internal quotation marks omitted). UXB's challenge to the arbitrator's decision amounts, at best, to a claim that the arbitrator committed error in construing the Subcontract. "Such error, however, even if extant, provides no basis for overturning the [arbitrator's] decision." Henry M. Jackson Found. for the Advancement of Military Med., Inc. v. Norwell, Inc., 596 Fed. App'x 200, 202 (4th Cir. 2015) (citing Long John Silver's Rests., Inc. v. Cole, 514 F.3d 345, 349 (4th Cir. 2008)). Because the court does not believe that the arbitrator "irrationally disregarded the terms" of the Subcontract in declining to consider UXB's claim under the Ammunition Contract, "it is not [the court's] role to review the correctness of the arbitrator's reasoning." Cent. W. Va. Energy, Inc., 645 F.3d at 277 (citation and internal quotation marks omitted).

6

## Conclusion

For the reasons stated, the court concludes that UXB has failed to satisfy its heavy burden of showing that the arbitrator exceeded his authority or manifestly disregarded the law. Accordingly, the court will deny UXB's motion and confirm the arbitration award.

The Clerk is directed to send copies of this order to all counsel of record.

DATED: This 5th day of August, 2016.

/s/ *signature*
Chief United States District Judge